UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KENDALL SCHUYLER,
    Petitioner

    v.

UNITED STATES OF AMERICA,
    Respondent

CIVIL NO. L-08-1414
CRIM. NO. L-98-0259

*******

MEMORANDUM

Now pending is pro se petitioner Kendall Schuyler's motion for relief pursuant to 28 U.S.C. § 2255 (Docket No. 628). Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

For the reasons set forth below, the Court will, by separate Order of even date DISMISS without prejudice Schuyler's Motion; VACATE Schuyler's judgment of conviction; ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for Schuyler for the purpose of noting an appeal.[1] The Clerk is DIRECTED to CLOSE the case.

## I.   Background

The facts are fully set forth in the parties' briefs. The essential facts are as follows. Schuyler was a member of a drug trafficking conspiracy based predominantly in the O'Donnell

[1] On June 3, 2008, Schuyler filed, in addition to the instant Motion to Vacate, a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Docket No. 628. On June 29, 2009, the Court construed Schuyler's Motion to Vacate as a motion under § 3582(c)(2), denied Schuyler's § 3582(c)(2), and dismissed his Motion to Vacate. Docket No. 697.

Schuyler filed a "Motion Objecting to the Court's Order" and requested the Court to reopen his Motion to Vacate and reconsider his § 3582(c)(2) motion. Docket No. 698. The Court has reopened Schuyler's Motion to Vacate but will not reconsider his § 3582(c)(2) motion. Therefore, Schuyler's "Motion Objecting to the Court's Order" (Docket No. 698) is GRANTED in part (Claim I) and DENIED in part (Claim II).

Heights area of Southeast Baltimore.  On November 23, 1999, after a 30 day jury trial, Schuyler was convicted of (i) conspiring to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841, and (ii) carrying a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c).  The Court sentenced Schuyler to life on the drug conspiracy count and sixty months consecutive on the firearms count.

Schuyler and five other defendants appealed.  On November 2, 2001, the Fourth Circuit vacated the defendants' sentences based on Apprendi v. New Jersey, 530 U.S. 466 (2000).  See United States v. Johnson, 26 Fed. Appx. 111 (4th Cir. 2001) (unpublished).  The Fourth Circuit remanded with instructions to sentence each of the defendants at or below the relevant statutory maximums found in 21 U.S.C. § 841(b)(1)(c).  Id. at 119.  This Court scheduled the re-sentencing for February 28, 2009.  The Court continued the proceeding, however, because the Supreme Court had granted certiorari in United States v. Cotton, 261 F.3d 397 (4th Cir. 2001).[2]

In Cotton, the Supreme Court ruled that an indictment rendered defective by Apprendi does not require vacation of the resulting sentence if evidence against the defendant is "overwhelming" and "essentially uncontroverted." Id. at 633 (citation and internal quotation marks omitted).  Therefore, on May 23, 2003, this Court re-imposed the 2000 sentences.

On appeal, those sentences were affirmed by the Fourth Circuit.  See United States v. Robinson, 390 F.3d 833 (4th Cir. 2004).  The Supreme Court, however, granted the defendants' writs of certiorari and remanded to the Fourth Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).  See Robinson v. United States, 544 U.S. 971 (2005).  On remand, the Fourth Circuit remanded the case to this Court for re-sentencing.  See United States v. Robinson, 560 F.3d 550 (4th Cir. 2006).

_____

[2] The Fourth Circuit's decision in Cotton formed the basis of its ruling in Johnson.

On July 19, 2007, the Court sentenced Schuyler to 20 years on the drug conspiracy count and 5 years consecutive on the firearm count. Schuyler did not appeal his 25 year sentence. On June 3, 2008, he filed the instant motion for relief.

## II.   Discussion

Because Schuyler did not appeal his sentence, he has procedurally defaulted his claims. Thus, to collaterally attack his sentence, Schuyler must show both cause for and actual prejudice from the default. See Murray v. Carrier, 477 U.S. 478 (1986). Ineffective assistance of counsel is cause for a procedural default. Id. at 488. To show cause, Schuyler alleges that his counsel failed to take an appeal after Schuyler requested that he do so. See Pet. 8. The facts underlying this claim are as follows.

### A.   Facts

Mr. Gary A. Ticknor, Esq. represented Schuyler at trial, throughout the appellate process, and at his second re-sentencing. Because of the size and violent nature of the conspiracy in which Schuyler participated, Mr. Ticknor believed that the Court would impose the maximum sentence for each offense of conviction. The applicable statutory maximum sentences were 20 years for the drug conspiracy and life imprisonment for the firearms count. See 21 U.S.C. § 841(b)(1)(c) ("In the case of a controlled substance in schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years"); 18 U.S.C. § 924(c)(1)(A) ("[A]ny person who, in furtherance of [a drug trafficking crime] possesses a firearm, shall, in addition to the punishment provided for such crime . . . be sentenced to a term of imprisonment of not less than 5 years. . . ." (emphasis added)). Moreover, the Fourth Circuit had previously stated that Schuyler's sentences could be "stacked," which would have resulted in a life sentence. See Johnson, 26 Fed. Appx. at 117 n.4 ("We note, however, that because Schuyler and Robinson

3

have multiple counts of conviction, on remand their sentences may be "stacked" in accordance with <u>United States v. White</u>, 238 F.3d 537 (4th Cir.2001)").

Stacking refers to the practice of sentencing a defendant to consecutive terms of imprisonment to the extent necessary to achieve the total punishment recommended by the United States Sentencing Guidelines. In this case, the guidelines recommended a life sentence. Nevertheless, the statutory maximum for the conspiracy offense was 20 years. A life sentence could have been achieved, however, by stacking the conspiracy and firearm sentences.

Prior to the second re-sentencing, Mr. Ticknor felt that "a possibility of stacking was real and something a motivated district court could do." He believed that the Fourth Circuit would not reverse a stacked sentence and that an offer to waive an appeal would be attractive to the government in light of the case's history. Mr. Ticknor shared all of these insights with Schuyler.

In a letter signed by Schuyler, he directed Mr. Ticknor "to seek to have the Judge agree to a sentence of twenty-five years because of the possibility of stacking exists that could get me life again." Ticknor Aff. Ex. A. Mr. Ticknor then reached an agreement with the government. On March 29, 2007, Mr. Ticknor submitted a letter to the Court that set out the joint recommendation of 25 years and acknowledging that Schuyler would waive further appeal. Ticknor Aff. Ex. C. At sentencing, the Court accepted the joint recommendation.

Schuyler does not deny that he waived his right to an appeal. Nevertheless, he claims that he directed Mr. Ticknor to file an appeal after his sentencing. To support his position, Schuyler has submitted a handwritten letter to Mr. Ticknor, dated September 13, 2007, in which he asks "I would like to know how my appeal is coming along, and what have you filed." P.'s Ex. B. In response, Mr. Ticknor affies that "<u>Schuyler never asked me to file an appeal</u>." Gov't Ex. B (emphasis original). Mr. Ticknor affies that he reminded Schuyler of the appellate waiver

during the re-sentencing and immediately after that proceeding.  Id.  Finally, Mr. Ticknor affies

that he never received Schuyler's letter.  Id.

**B.**    **Analysis**

In the Fourth Circuit, a criminal defense attorney's "failure to file a notice of appeal when

requested by his client deprives the defendant of his Sixth Amendment right to the assistance of

counsel, notwithstanding that the lost appeal may not have had a reasonable probability of

success."  United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).  If the Court finds that the

defendant's claim is meritorious, the remedy is to vacate the judgment and enter a new judgment

from which an appeal can be taken.  See id.

Because there is a conflict between Schuler and Mr. Ticknor, the Court will follow this

procedure.  The Court acknowledges that allowing Schuyler to file an appeal contradicts the

agreement he entered into with the government.[3]  Nevertheless, this case falls within a category

of cases where a defendant claims that he directed his attorney to take an appeal but none was

taken.  In most of these cases, the defense attorney either cannot recall whether an appeal was

requested or recalls that no such request was ever made.  To avoid the credibility contest inherent

in this situation, the Court will permit Schuyler to take an appeal.  Although the appeal lacks any

apparent merit, that decision is for the Court of Appeals to make.

**III.**    **Conclusion**

For the foregoing reasons, the Court will, by separate Order of even date, DISMISS

without prejudice Schuyler's Motion to Vacate; VACATE Schuyler's judgment of conviction;

---

[3] In making this ruling, the Court does not find that Mr. Ticknor was ineffective for advising
Schuyler to waive his right to take an appeal.  To the contrary, Mr. Ticknor's advice was sound
strategy.  As discussed above, Schuyler could have received a life sentence for the firearm
conviction.  By waiving his right to an appeal, Schuyler received the benefit of a lesser sentence.

ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for

Schuyler for the purpose of noting an appeal.  The Clerk is DIRECTED to CLOSE the case.

Dated this 8th day of March 2010.

Benson Everett Legg
United States District Judge