IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES

v.

KENDALL SCHUYLER,
*Defendant*.

Criminal Case No. ELH-98-259 -13

**MEMORANDUM**

In 1999, a jury convicted Kendall Schuyler of conspiracy to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. §§ 841 & 846, and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  The convictions arose out of Schuyler's participation in a long-running, violent narcotics distribution organization operating in and around the O'Donnell Heights public housing community in Baltimore, Maryland.  In March 2000, Judge Benson E. Legg sentenced Schuyler to imprisonment for life as to the narcotics conspiracy count, and to a consecutive sentence of imprisonment for 60 months as to the firearm count.  As a result of a series of appellate decisions that are discussed *infra*, Judge Legg resentenced Schuyler in March 2010 to a term of 20 years' imprisonment as to the narcotics conspiracy count, leaving the consecutive five year term for the firearm count unaltered, for a total sentence of 25 years' imprisonment.

Now pending before the Court is Schuyler's motion, filed January 10, 2012, seeking a further reduction of his sentence pursuant to certain retroactive amendments to the United States Sentencing Guidelines ("Motion") (ECF 783).  Judge Legg was unable to rule on the Motion before his retirement.  Therefore, on November 20, 2012, the case was reassigned to me.  The

government did not file a response to the Motion. However, neither a response nor a hearing is

necessary, because the Motion can readily be resolved on the basis of the record. *See* Local Rule

105.6.   My ruling follows.

## Background

In June 2008, Schuyler filed a motion to vacate his sentence pursuant to 28 U.S.C.

§ 2255. *See* ECF 628. On March 8, 2010, Judge Legg issued a Memorandum (ECF 724) ruling

on the Schuyler's § 2255 motion. In that Memorandum, Judge Legg provided a summary of the

procedural history of Schuyler's case thus far. He said, in part, ECF 724 at 1-3:

> Schuyler was a member of a drug trafficking conspiracy based predominantly in
> the O'Donnell Heights area of Southeast Baltimore. On November 23, 1999,
> after a 30 day jury trial, Schuyler was convicted of (i) conspiring to distribute a
> controlled substance in violation of 21 U.S.C. §§ 846, 841, and (ii) carrying a
> firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c).
> The Court sentenced Schuyler to life on the drug conspiracy count and sixty
> months consecutive on the firearms count.
>
> Schuyler and five other defendants appealed. On November 2, 2001, the
> Fourth Circuit vacated the defendants' sentences based on *Apprendi v. New
> Jersey*, 530 U.S. 466 (2000). *See United States v. Johnson*, 26 Fed. Appx. 111
> (4th Cir. 2001) (unpublished).[1] The Fourth Circuit remanded with instructions to
> sentence each of the defendants at or below the relevant statutory maximums
> found in 21 U.S.C. § 841(b)(1)(c). *Id.* at 119. This Court scheduled the re-
> sentencing for February 28, 2009. The Court continued the proceeding, however,
> because the Supreme Court had granted certiorari in *United States v. Cotton*, 261
> F.3d 397 (4th Cir. 2001). [In a footnote, Judge Legg observed that the "Fourth
> Circuit's decision in *Cotton* formed the basis of its ruling in *Johnson*."]
>
> In *Cotton*, [535 U.S. 625 (2002),] the Supreme Court ruled that an
> indictment rendered defective by *Apprendi* does not require vacation of the
> resulting sentence if evidence against the defendant is "overwhelming" and
> "essentially uncontroverted." *Id.* at 633 (citation and internal quotation marks
> omitted). Therefore, on May 23, 2003, this Court re-imposed the 2000 sentences.

---

[1] To be precise, the Fourth Circuit vacated the sentences of three of the six co-defendants
who appealed in *Johnson*. *See Johnson*, 26 F. App'x at 119. Schuyler's sentence was one of the
three that were vacated. *See id.*

On appeal, those sentences were affirmed by the Fourth Circuit. *See United States v. Robinson*, 390 F.3d 833 (4th Cir. 2004). The Supreme Court, however, granted the defendants' writs of certiorari and remanded to the Fourth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Robinson v. United States*, 544 U.S. 971 (2005). On remand, the Fourth Circuit remanded the case to this Court for re-sentencing. *See United States v. Robinson*, 560 F.3d 550 (4th Cir. 2006).

On July 19, 2007, the Court sentenced Schuyler to 20 years on the drug conspiracy count and 5 years consecutive on the firearm count. Schuyler did not appeal his 25 year sentence.

In the § 2255 motion, Schuyler contended that, despite having agreed in 2007 to waive his right to appeal the 25-year sentence in exchange for the government's agreement not to seek a higher sentence, he had directed his defense counsel to file a notice of appeal, but that defense counsel had failed to do so. Schuyler's defense counsel averred, in response, that Schuyler had never asked him to note an appeal.

Judge Legg ruled: "To avoid the credibility contest inherent in this situation, the Court will permit Schuyler to take an appeal. Although the appeal lacks any apparent merit, that decision is for the Court of Appeals to make." ECF 724 at 5. Accordingly, on March 8, 2010, Judge Legg issued a Third Amended Judgment (ECF 726) (which is the operative judgment here), so as to restart the time to file a notice of appeal, and appointed new counsel to represent Schuyler on appeal.

Thereafter, the Fourth Circuit affirmed Schuyler's conviction and sentence. *See United States v. Schuyler*, 407 F. App'x 649 (4th Cir.), *cert. denied*, 131 S. Ct. 2468 (2011). Subsequently, Schuyler filed the instant Motion. Additional facts are included in the Discussion.

**Discussion**

In his Motion, Schuyler asserts that his sentence as to the narcotics conspiracy count should be reduced by virtue of retroactive application of amendments to the United States Sentencing Guidelines, *see* U.S.S.G., Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1, 2011), which were adopted in connection with the enactment of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (enacted Aug. 3, 2010). The purpose of the FSA and the related amendments to the guidelines was to partially alleviate the so-called "crack vs. powder disparity," by which defendants who were convicted of a drug offense involving a given amount of cocaine base (a.k.a. "crack") were exposed to substantially higher guidelines sentences and statutory minimum sentences than defendants convicted of offenses involving the same amount of powder cocaine. *See United States v. Bullard*, 645 F.3d 237, 245 & n.4. (4th Cir.), *cert. denied*, 132 S. Ct. 356 (2011). The FSA lowered the disparity but did not eliminate it. *Id.* The disparity now corresponds to a weight ratio of approximately 18:1 (*i.e.*, it takes approximately 18 times as much powder cocaine as crack to trigger a given statutory minimum sentence or guidelines base offense level); under prior law, the ratio was 100:1. With respect to the Sentencing Guidelines, the reduction of the crack/powder disparity was accomplished by amending the "Drug Quantity Table" in U.S.S.G. § 2D1.1(c), which establishes the base offense levels for conviction of an offense involving given quantities of any particular controlled substance.[2] In Amendment 759, the United States Sentencing Commission

---

[2] Before Congress enacted the FSA, the Sentencing Commission had taken some steps towards reducing the crack versus powder disparity by a prior amendment to the Sentencing Guidelines. *See* U.S.S.G., Amendment 706 (eff. Nov. 1, 2007). This amendment to the guidelines was the subject of an earlier motion filed by Schuyler for reduction in sentence, *see* ECF 627, which Judge Legg also denied. *See* ECF 697.

made the amendments to the Drug Quantity Table eligible for retroactive application via resentencing, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

Section 3582(c)(2) is a limited exception to the ordinary rule that a sentence of imprisonment is a final judgment that cannot be modified after it has been imposed.  In pertinent part, the statute provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*"  18 U.S.C. § 3582(c)(2) (emphasis added).   A sentence may be modified pursuant to § 3582(c)(2) upon motion of the defendant or the Bureau of Prisons, or by the court on its own motion.  *Id.*

The "applicable policy statements" of the Sentencing Commission to which § 3582(c)(2) refers are collected in U.S.S.G. § 1B1.10.  *See United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010).  Under § 1B1.10, only certain specifically enumerated amendments to the guidelines are eligible for retroactive application.  As noted, the amendments to the Drug Quantity Table contained in Amendment 750 are among the "covered" amendments.  U.S.S.G. § 1B1.10(c). However, the following policy statement is pertinent here: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . a[ ] [covered] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."   U.S.S.G § 1B1.10(a)(2)(B).    Further, the Application Notes to § 1B1.10 explain that the foregoing policy statement applies where a covered amendment "is applicable to the defendant but the amendment does not have the effect

of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A).

The record demonstrates that Schuyler's case comes within the exclusion stated in § 1B1.10(a)(2)(B), rendering him ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). This is because the Drug Quantity Table had no impact on Schuyler's guidelines sentence for the narcotics conspiracy count.[3] Rather, his twenty-year sentence as to the narcotics conspiracy count was a guidelines sentence calculated on the basis of the so-called "murder cross-reference" of U.S.S.G. § 2D1.1(d)(1), which ordinarily would have yielded a guidelines sentence of life imprisonment. Under U.S.S.G. § 2D1.1(d)(1), if in the course of a narcotics distribution offense a victim is killed under circumstances that would constitute murder under 18 U.S.C. § 1111 if the killing were subject to federal criminal jurisdiction, the base offense level is determined by the homicide sentencing guidelines. In this case, the applicable homicide guideline was the guideline for first-degree murder, *see* U.S.S.G. § 2A1.1, which establishes a base offense level of 43, the maximum possible level.[4] The applicable guidelines sentence for an offense level of 43 is life imprisonment, regardless of criminal history category.

The calculation of Schuyler's guidelines sentence was also subject to U.S.S.G. § 5G1.1(a), which provides: "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall

---

[3] The FSA-related amendments to the guidelines did not address in any way the guidelines applicable to Schuyler's firearm offense, nor does he contend that they did.

[4] By application of upward enhancements, it is possible to raise an offense level above the level of 43. However, pursuant to U.S.S.G. Ch. 5, Part A, Application Note 2, "[a]n offense level of more than 43 is to be treated as an offense level of 43" for the purpose of determining a guidelines sentence.

be the guideline sentence."   Pursuant to 21 U.S.C. § 841(b)(1)(C), Schuyler's narcotics conspiracy conviction was subject to a statutory maximum sentence of twenty years, which obviously was less than the otherwise applicable guidelines sentence of life, as calculated pursuant to the murder cross-reference.   Accordingly, the statutory maximum of twenty years became the guidelines sentence by virtue of U.S.S.G § 5G1.1(a).

The Transcript of the resentencing hearing on July 19, 2007, for Schuyler and his co-defendants makes clear that Schuyler's guidelines sentence was calculated on the foregoing basis.[5]   *See* Transcript (ECF 687).   At that hearing, Judge Legg thoroughly reviewed the applicable guidelines calculations, stating, Transcript at 8-9, 15-16, 17, 31-32, 63:

> [W]ith respect to Mr. Schuyler, the base offense Level was 43, based upon the murder cross-reference, I added two levels for role in the offense, concluding then [*i.e.*, at Schuyler's previous sentencing] that Mr. Schuyler had been a—played the management role in the conspiracy.   And then there was a two level upward adjustment for perjury.   Yielding a total offense Level of 47 with a criminal history category of—V. . . .
>
> At that range the sentence would be life imprisonment.
>
> \*   \*   \*
>
> I hereby reiterate and adopt the Guideline calculations that I made in 2000, in which I reiterated in 2003, and which the Fourth Circuit [Court] of Appeals affirmed.   The reversals were not on the basis of the Guideline calculations themselves, but involved one, the statutory maximum under the *Apprendi* analysis, and two, under a *Booker* analysis, the treatment of the Guidelines as being mandatory rather than advisory only.
>
> \*   \*   \*
>
> [T]he statutory maximum under 841(b)(1)[(C)] is 20 years.   And that the statutory maximum with respect to [the firearm count] is five years.   The five years must

---

[5] The resentencing hearing of July 19, 2007, resulted in Schuyler's Second Amended Judgment of conviction (ECF 597), which imposed a twenty-year sentence as to the conspiracy count and a consecutive five-year sentence as to the firearm count.   As noted, Judge Legg subsequently issued Schuyler's Third Amended Judgment, without substantive change from the Second Amended Judgment, solely for the purpose of allowing Schuyler to note an appeal.

run . . . consecutively to the 20 years yielding a 25 year total sentence.[6]

&ast;    &ast;    &ast;

  I conclude and find, with respect to Mr. Schuyler, that the statutory maximum with respect to [the conspiracy count] is 20 years.  I further find though with [the firearm count] the statutory maximum is five years.

&ast;    &ast;    &ast;

[T]he application of the Guidelines results in a sentence that is greater then [sic] the statutory maximum, meaning that the statutory maximum is the Guideline sentence.

  In sum, the quantity of drugs involved in Schuyler's offense had no bearing on his guidelines sentence, and so the retroactive amendments to the Drug Quantity Table, adopted in connection with the Fair Sentencing Act, have no application to Schuyler's case.   Therefore, Schuyler is not eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) on the basis of those amendments to the Sentencing Guidelines, and his Motion will be denied.

  An Order implementing my ruling follows.


Date:   April 19, 2013        _____/s/_____
                Ellen Lipton Hollander
                United States District Judge

---

  [6] Under 18 U.S.C. § 924(c)(1)(D)(ii), a term of imprisonment imposed for violation of 18 U.S.C. § 924(c) may not "run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."